**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-02041-NYW

WARDY ALFONSO LIBERATO,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity,[1]
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

     Respondents.

---

### MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Verified Petition for a Writ of Habeas Corpus (the "Petition"). [Doc. 1]. Respondents filed a consolidated Response to the Petition, [Doc. 12], and Petitioner has replied, [Doc. 13]. For the reasons herein, the Petition is respectfully **GRANTED in part**.

### BACKGROUND

Petitioner Wardy Alfonso Liberato ("Petitioner" or "Mr. Liberato") is a citizen of the Dominican Republic who has been in ICE custody since October of 2023. [Doc. 1 at ¶¶ 5, 16]. He has been subject to a final order of removal since November 6, 2025, but he has also been granted deferral of removal to the Dominican Republic under the Convention Against Torture. [*Id.* at ¶¶ 4, 6]; *see also* [Doc. 1-1 at 2]. In the nine months since

---

[1] David Venturella is automatically substituted for Todd Lyons as a Respondent in his official capacity pursuant to Federal Rule of Civil Procedure 25(d).

Petitioner was granted deferral of removal, Respondents have not identified a third country that will accept him.  *See* [Doc. 1 at ¶¶ 7, 58].

Mr. Liberato asserts three claims for relief, that his prolonged detention violates: (1) 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) his Fifth Amendment substantive due process rights; and (3) his Fifth Amendment procedural due process rights.  [*Id.* at ¶¶ 116–140].  He asks the Court to order Respondents to immediately release him from custody.  [*Id.* at 53].

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

### I.     Detention of Noncitizens

Generally, when a noncitizen is ordered removed from the United States, the removal "shall" occur within the next 90 days—the "removal period."  8 U.S.C. § 1231(a)(1); *Morales-Fernandez v. Immigr. & Naturalization Serv.*, 418 F.3d 1116, 1123 (10th Cir. 2005).  Detention is mandatory during the removal period, 8 U.S.C. § 1231(a)(2)(A), but once the removal period expires, the noncitizen "*may*" be detained,

*id.* § 1231(a)(6) (emphasis added). The Supreme Court has recognized that this permissive language "suggests discretion," but "does not necessarily suggest unlimited discretion." *Zadvydas*, 533 U.S. at 697. Indeed, "read in light of the Constitution's demands," Section 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. In *Zadvydas*, the Court explained that

> [a] statute permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law." Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.

*Id.* at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Finding "nothing in the history of these statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention," the *Zadvydas* Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Court did recognize, however, a presumptively reasonable six-month detention period. *Id.* at 701. "After this 6-month period," if the noncitizen demonstrates "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court explained that a six-month presumptive period does not mean that every noncitizen detained for six months must be released; rather, a noncitizen may remain in detention "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* But "if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable

3

future, the noncitizen must be released." *Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *2 (D. Colo. Nov. 19, 2025) (citing *Zadvydas*, 533 U.S. at 701).

## II.    Petitioner's Detention

Respondents do not dispute that the length of Petitioner's detention since the removal order exceeds the presumptively reasonable six-month period recognized in *Zadvydas*. *See* [Doc. 12 at 4–5 ("On November 6, 2025, . . . [t]he IJ granted deferral of removal to the Dominican Republic under the Convention Against Torture. Both parties waived appeal. At this point ICE could pursue Petitioner's removal.")]; *see also* [Doc. 12-1 at ¶ 25 (Declaration of Deportation Officer stating the same)]. Therefore, Mr. Liberato bears the burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. This standard does not require him to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Id.* at 702. Rather, he "simply must show that removal is not significantly likely in the reasonably foreseeable future." *Ahrach*, 2025 WL 3227529, at *3.

Mr. Liberato argues that there is good reason to believe that there is no significant likelihood of removal in the future because, among other things, (1) he has been granted deferral of removal to the Dominican Republic after a court found that it was more likely than not that Mr. Liberato would be tortured if removed there; (2) in the six months following the removal order becoming administratively final, Respondents had not identified a third country of removal, and no travel documents have been secured; and (3) Respondents cannot remove Mr. Liberato to a third country that will repatriate him to the Dominican Republic. [Doc. 1 at ¶¶ 92–100].

4

Respondents do not contest these assertions or argue that Petitioner has not met his initial burden under *Zadvydas*. *See* [Doc. 12]. The Court finds that Petitioner has met his burden by showing "the existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. 24-cv-00464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *recommendation adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025). Because Mr. Liberato has been granted deferral of removal to the Dominican Republic, and because Respondents have not identified any other country that would accept him, *see* [Doc. 12], Mr. Liberato has shown "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; s*ee also Castellano v. U.S. Dep't of Homeland Sec.*, No. 26-cv-00080-PAB, 2026 WL 472732, at *3 (D. Colo. Feb. 19, 2026) (finding that petitioner met his burden where respondents had not identified any country that would accept him and had made little progress in securing deportation); *Trejo v. Warden of ERO El Paso E. Montana*, 807 F. Supp. 3d 697, 705–06 (W.D. Tex. 2025) (petitioner met his burden by showing he could not be removed to El Salvador, "the only country of which he is a citizen," and the government identified no alternative country for removal).

The burden now shifts to Respondents to present sufficient evidence to show that removal is likely. *Zadvydas*, 533 U.S. at 701. Having presented no such evidence, Respondents have not met their burden. At best, Respondents assert that "ICE is pursuing Petitioner's removal to a third country (that is, a country other than the Dominican Republic)," which "includes coordinating with the Department of State to secure his removal to a third country." [Doc. 12 at 8]; *see also* [Doc. 12-1 at ¶¶ 28, 30]. This vague statement provides no meaningful information to the Court and does not

5

demonstrate that removal is likely.  *See Balouch v. Bondi*, No. 9:25-cv-00216-MJT, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (ruling that "conclusory statements via written declarations that [the government was] taking steps to remove Petitioner to Iran" were insufficient to meet government's burden).  Respondents do not, for example, "identify which [additional] countries they might contact" to effectuate removal, nor do they list "concrete steps they will take to effectuate [Petitioner's] timely removal."  *Ahrach*, 2025 WL 3227529, at *5.[2]

For these reasons, the Court finds that Respondents have not met their burden to justify Petitioner's continued detention.  *See Momennia v. Bondi*, No. 25-cv-01067-J, 2025 WL 3011896, at *10 (W.D. Okla. Oct. 15, 2025) ("[M]ere intent to find a third country is too speculative to permit indefinite detention or to overcome [the petitioner's] showing."), *recommendation adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025); *Ahrach*, 2025 WL 3227529, at *5 (concluding that the respondents did not meet their burden because they did not "provide[] concrete evidence that removal is likely in the foreseeable future" and did not "commit[] to continue pursuing such removal").

While the government "has the right to enforce" Petitioner's order of removal, it "may not detain [him] for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably

---

[2] Respondents reference the Post Order Custody Reviews that ICE conducted pursuant to 8 C.F.R § 241.4 throughout Mr. Liberato's detention where ICE determined that Mr. Liberato poses a flight risk and was therefore ineligible for release.  *See* [Doc. 12 at 3–5]. "Under *Zadvydas*, however, whether Petitioner is a flight risk has no bearing on the constitutionality of his continued detention." *Askarov v. Baltazar*, No. 26-cv-00948-SKC, 2026 WL 850741, at *4 (D. Colo. Mar. 27, 2026) (citing *Zadvydas*, 533 U.S. at 684, 690 and noting that "[o]ne of the petitioners in *Zadvydas* had a history of flight from both criminal and deportation proceedings"), *appeal docketed*, No. 26-1217 (10th Cir. June 2, 2026).

likely in the foreseeable future." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025). For the reasons set forth above, the Court concludes that Respondents' continued detention of Petitioner violates *Zadvydas* and his due process rights under the Fifth Amendment. *See Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025). The Petition is **GRANTED in part**, and it is **ORDERED** that Petitioner be released from custody pursuant to 28 U.S.C. § 2241(c)(3) **immediately**. *See Ahrach*, 2025 WL 3227529, at *5 (granting release in similar circumstances); *Pena-Gil*, 2025 WL 3268333, at *5 (same).[3]

### CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)   The Verified Petition for a Writ of Habeas Corpus [Doc. 1] is **GRANTED in part**;

(2)   Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petition from custody;

(3)   Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED as moot**; and

(4)   On or before **July 31, 2026**, the Parties shall file a joint status report confirming that Petitioner was released.

---

[3] To the extent that Petitioner asks this Court to "[d]eclare that Respondents' continued detention of Mr. Liberato" is unlawful, [Doc. 1 at 53], this request is moot in light of the Court's order to release Petitioner. *Pena-Gil*, 2025 WL 3268333, at *5. Further, because Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO") seeks substantially the same relief as the relief the Court grants as to the Petition, *see* [Doc. 2 at 16], the Motion for TRO is respectfully **DENIED as moot**, *see Loa Caballero*, 2025 WL 2977650, at *9 (denying motion for temporary restraining order as moot after granting petitioner "identical" relief on the merits).

DATED:  July 24, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge